**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Larry Gordon Kirby, #222142, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:09-2425-HMH -JRM |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Perry Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Larry G. Kirby ("Kirby"), is an inmate at the South Carolina Department of Correction ("SCDC") serving sentences for armed robbery and grand larceny. He filed a petition for writ of habeas corpus on September 15, 2009 using the standard form provided for inmates to challenge their convictions pursuant to 28 U.S.C. § 2254. Kirby alleges that SCDC has miscalculated his sentence and he is entitled to immediate release. Respondent, the Warden of Perry Correctional Institution, filed a return and motion for summary judgment on November 12, 2009. Because Kirby is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 13, 2009 advising him of his responsibility to respond to the motion for summary judgment. Kirby filed a response on November 20, 2009.

The undersigned issued an order on March 8, 2010, requiring Respondent to file a supplement to the motion for summary judgment. Respondent filed "Supplemental Memorandum in Support of Return and Motion for Summary Judgment" on April 9, 2010. Kirby filed a response to the

1

supplemental memorandum on April 22, 2010.

## Background and Procedural History

Respondent's motion for summary judgment is supported in part by an affidavit of James E. Brennan, Jr., which provides a summary of Kirby's convictions and sentences. Mr. Brennan states:

1. My name is James E. Brennan, Jr. I am employed by the South Carolina Department of Corrections ("SCDC") as the Assistant Division Director of Inmate Records.

2. On July 18, 1980, Larry Gordon Kirby ("Kirby") received an eight (8) year sentence in federal court that he began serving in September of 1980. On December 18, 1980, Kirby pleaded guilty in North Carolina to five (5) counts of armed robbery and received a life sentence, to be served upon the expiration of his federal sentence.

3. On January 16, 1984, Kirby pleaded guilty in Spartanburg County, South Carolina, to armed robbery and grand larceny. Kirby was sentenced to twenty five (25) years for armed robbery and ten (10) years for grand larceny. This sentence was to be served consecutively to Kirby's prior sentences.

4. On June 20, 1985, Kirby was released on parole from his federal sentence and began serving his North Carolina sentence. On January 25, 2002, Kirby was paroled on his North Carolina sentence and entered the custody of the SCDC to begin service of his South Carolina sentence.

5. Attached are copies of these Sentence Sheets, reports and attachments which are kept by my office in the ordinary course of business.

Kirby contends that SCDC has used the wrong date as to when he began to serve his South Carolina sentence, and as a consequence, he is entitled to immediate relief.[1] SCDC calculated Kirby's South Carolina sentence to have commenced on January 25, 2002, when he was released from his North Carolina sentence and returned to South Carolina. Kirby argues, based on the record

---

[1] The record shows that Kirby has a possible parole date of August 26, 2010, and a "maxout" date of June 27, 2014.

from the South Carolina sentencing, that SCDC should have commenced his South Carolina sentence on June 20, 1985, the date he was released from federal custody and began serving his North Carolina sentence.

The record shows that Kirby began attacking his South Carolina sentence before he began serving it. While serving the North Carolina sentence, Kirby filed an application for post-conviction relief on January 12, 1999 in the Court of Common Pleas for Spartanburg County ("PCR I"). (Res.Supp.Mem., Ex. 4, p. 16). Kirby raised the issue of when his South Carolina sentence commenced in PCR I. (*Id.,* at 23). The PCR court issued a "Conditional Order of Dismissal" filed November 2, 1999. (*Id.,* at 46). The court held that since Kirby was not in South Carolina at that time, but was serving his federal sentence, PCR I should be dismissed without prejudice. Apparently a final order was not issued, and after Kirby's return to South Carolina, an evidentiary hearing was held on January 29, 2003. (*Id.,* at 32).[2] Kirby was present at the hearing, and he was represented by David Hanna, Sr., Esquire. The PCR court, citing Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), found that the issue of whether SCDC had improperly calculated his sentence was not cognizable in a PCR. Further, the court found that even if it was cognizable, the claim was without merit. (*Id.,* at 50-51). The PCR was dismissed with prejudice on April 22, 2003. (*Id.,* at 53). There was not appeal from the order.

Kirby filed a second PCR ("PCR II") on October 13, 2003. He asserted that his PCR attorney was ineffective for failing to appeal the order dismissing PCR I. (*Id.,* at 73). A hearing was held on April 6, 2005. (*Id.,* 54). Kirby was represented by Richard Vieth, Esquire. The court found that

---

[2]The date on the Transcript of the evidentiary hearing, January 29, 2004, appears to be in error. The order of dismissal filed April 22, 2003, states that the hearing was held January 29, 2003. (*Id.,* at 49).

3

PCR II was successive and untimely, except as to the issue of the appeal of PCR I. PCR II was dismissed, but Kirby was granted a belated appeal for the issue raised in PCR I. *See* Order dated May 9, 2005; (*Id.,* at 86).

Counsel filed a notice of appeal of PCR I. (Res.Mem., Ex. 5). A petition for writ of certiorari (Res.Mem., Ex. 6) and a "Petition for Writ of Certiorari Pursuant to Austin v. State" through the South Carolina Office of Appellate Defense (Res.Mem., Ex. 7) which stated the following issue:

Whether petitioner may challenge his sentences in post-conviction relief?

The South Carolina Court of Appeals found that the court in PCR II "properly granted Petitioner belated review." The petition for writ of certiorari on that issue raised in PCR I was denied. (Res.Mem., Ex. 10). Kirby did not seek further review by the South Carolina Supreme Court and the Court of Appeals returned the Remittitur on January 4, 2008. (Res.Mem., Ex. 11).

Thereafter, on March 31, 2008, Kirby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.[3] *See* Kirby v. South Carolina Department of Corrections, 3:08-1061-HMH. Kirby asserted constitutional violations because "(u)nder the terms of the sentences my period of incarceration has expired. Petitioner is being held illegally." The petition was construed as a § 2241 petition, and services was authorized. After a return and motion for summary judgment, Kirby filed a motion for stay and abeyance to allow him to return to state court to continue to litigate the issue there. This Court denied the motion for stay and abeyance and dismissed Kirby I without prejudice on November 3, 2008, to allow him to return to state court. Kirby did not appeal.

Kirby filed the present case ("Kirby II") on September 15, 2009. There is no indication that

---

[3] Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).

4

Kirby sought further review in the state courts. When Respondent herein filed the motion for summary judgment, there was no mention of the PCR's previously filed by Kirby, or any further efforts that Kirby took to exhaust his claim in state court. Therefore, the undersigned issued the order of March 8, 2010, requiring Respondent to file a supplemental memorandum so that the Court would have a full picture of the procedural history of Kirby's case.[4]

As noted above, while PCR I was pending, Kirby was paroled in North Carolina and returned to South Carolina on January 25, 2002 to begin serving his South Carolina sentence. On July 22, 2002, Kirby raised the issue of miscalculation of his sentence by filing a Step 1 grievance. (Res.Mem., Ex. 4, ¶ 2). The responsible official determined that Kirby's sentence had been correctly filed, and the grievance was denied. On August 5, 2002, Kirby filed a Step 2 grievance which was also denied. (*Id.,* at ¶ 3).

After PCR I had been dismissed and PCR II has been filed, Kirby filed a Step 1 grievance on June 30, 2004, again raising the sentencing issue. The responsible official found that Kirby had raised the same issue that had been raised in his 2002 grievance and that Kirby had presented no new information. The grievance was denied. Kirby did not file a Step 2 grievance. (*Id.,* at ¶ 4).

**Discussion**

Respondent asserts that he is entitled to summary judgment because Kirby did not properly assert his claim in state court, the petition was not timely filed under the Anti-Terrorism and

---

[4]The undersigned notes that the Office of the Attorney General of South Carolina did not represent the Respondents in Kirby I nor Kirby II. Further, the law firm that represented Respondent in Kirby I is a different law firm than that presently represents the Respondent in Kirby II. The Kirby II attorneys apparently were unaware that Kirby I had been filed and they did not mention the PCR's in their initial return. This change in attorneys appears to be the source of some confusion in this case.

Effective Death Penalty Act ("AEDPA") statute of limitations, and even if Kirby's claim is considered on the merits, he is not entitled to relief.

**1. Exhaustion**

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir.1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Pickard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1976).

In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), the South Carolina Supreme Court addressed state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. The Supreme Court in Al-Shabazz provided a different path for inmates who wished to seek review of "non-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative Law Judge Division ("ALJD").[5] *Id.* at 754. Judicial review of the ALJD decision is

---

[5]The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C.Code Ann. §§ 1-23-500, *et. seq*. It is now called the Administrative Law Court ("ALC").

obtained by filing a petition in the state circuit court. Last, the inmate can seek "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases. S.C.Code Ann. § 1-23-390 (1986)." *Id.* at 756. Hendricks v. Cohen, 2009 WL 536566, 3 (D.S.C.)

It must be recognized that Kirby has been diligent in his efforts to have his claim reviewed in state court. However, he has not exhausted his claim by properly presenting it to the South Carolina appellate courts.

### a. PCR Process

At the time Kirby filed PCR I, the law in South Carolina was unsettled, and it was not clear how an inmate should pursue a claim such as his. However, by the time Kirby arrived in South Carolina, Al-Shabazz had been decided and it was clear that Kirby was required to utilize the grievance procedure with an appeal to the Administrative Law Court ("ALC"). It appears that Kirby recognized this because he filed his first grievance on July 22, 2002. Thereafter, the court ruled in PCR I that Kirby's claim "is not cognizable as a PCR matter." Further, the court provided Kirby with a roadmap as to how he should proceed. (Res.Supp.Mem., Ex. 4, p. 53). Instead of following this roadmap, Kirby filed PCR II and received a belated appeal. The specific issue presented to the Court of Appeals in an Austin petition was whether "(p)etitioner may challenge his sentences in post-conviction relief." (Res.Supp.Mem., Ex. 7). Certiorari was denied. In other words, the Court of Appeals affirmed the PCR court's finding that Kirby's claim was not a cognizable issue for PCR consideration. Since the merits of the claim were never presented to, or considered by, the Court of Appeals, Kirby has not exhausted his claim through the PCR process.

### b. Grievance Process

As noted above, Al-Shabazz established a process, separate from the PCR process,

7

for an inmate to challenge the calculation of his sentence. Kirby started down this path twice, but failed to follow through. He reached Step 2 in his initial grievance, but did not proceed to the ALC. After the court provided him guidance in PCR I, Kirby filed a second grievance. He did not proceed to Step 2 after the grievance was denied. Therefore, the undersigned concludes that Kirby failed to exhaust his claim through this process.

To excuse the failure to exhaust, Kirby must show cause for his failure and prejudice. Wainwright v. Kykes, 433 U.S. 72 (1977). He has not done so. Even after the court in PCR I provided Kirby with a roadmap, he failed to follow the directions. Further, Kirby has not shown that a fundamental miscarriage of justice will result if his claims are not considered. Murray v. Carrier, 477 U.S. 478 (1986) (*see* the discussion of the merits of Kirby's claim below).

**2. Statute of Limitations**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>           (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>           (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United

States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling.

Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

### a. 2254 Petition

It is clear that the AEDPA statute of limitations applies to habeas corpus petitions filed pursuant to § 2254. The undersigned concludes that if the present petition is construed under § 2254, it is untimely.

It is not clear when the factual predicate which forms the basis of this claim became known to Kirby, but it was raised in PCR I before he began serving his South Carolina sentence. The statute of limitations was tolled until PCR I was dismissed on April 22, 2003. Assuming that the statute of limitations remained tolled during the pendency of PCR II, in which he was granted an Austin review of PCR I, the statute of limitations began to run again with the return of the Remittitur on January 4, 2008. The present case was not filed until September 15, 2009, well over the one-year statute of limitations. Kirby I did not toll the statute of limitations. *See* Duncan v. Walker, 533 U.S. 167, 181 (2001) ("an application for federal habeas corpus review is not an 'application for state post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

### b. 2241 Petition

The Fourth Circuit Court of Appeals has not addressed whether the AEDPA statute of limitations applies to § 2241 petitions. However, courts that have considered the issue have found that the statute of limitations does apply. S*ee* McLean v. Smith, 193 F.Supp.2d 867 (M.D.N.C. 2002) and Dalton v. W.Va. Parole Board, 2010 WL 395650 (S.D.W.Va.). The undersigned concludes that if the present petition is construed under § 2241, the statute of limitations applies and it is untimely.

As discussed above, the South Carolina Supreme Court directed the proper course for an inmate to follow in challenging SCDC sentence computation decisions in the 2000 Al-Shabazz decision. Kirby began serving his South Carolina sentence on January 25, 2002, and filed his first grievance within one year on July 22, 2002. He was notified that his Step 2 grievance was denied on August 1, 2002. The present case was filed over seven years later.

Thus, the undersigned concludes that the present petition is untimely if construed under § 2254 or § 2241.

### 3. Merits

It has been held that "issues which affect a prisoner's term [of imprisonment] are fundamental issues of liberty that fall within our jurisdiction under 28 U.S.C.A. § 2241." Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990). However, the present petition raises a question of whether the South Carolina courts properly applied state law to Kirby's sentence. In making an alternative finding in PCR I the court held that the sentencing judge's "sentence was consecutive and is being correctly calculated by the South Carolina Department of Correction." (Res.Supp.Mem., Ex. 4, p. 52). The court found that State v. Furman, 288 S.C. 243, 341 S.E.2d 795 (1986) was controlling ("where sentences are imposed by two different sovereignties, the sentence will run concurrently only if so specified."). *Id.* Thus, the South Carolina courts rejected, as a matter of state law, Kirby's contention that the sentencing judge meant to run his South Carolina sentence consecutive to his federal sentence, but not his North Carolina sentence. Federal courts do not issue writs of habeas corpus on the basis of perceived errors of state law. Pulley v. Harris, 465 U.S. 37 (1984).

### **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment and supplemental motion for summary judgment be **granted**.

                                                                            _____
                                                                            Joseph R. McCrorey
                                                                             United States Magistrate Judge

Columbia, South Carolina

June 29, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).